WILLIAM BAIRD, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

In pursuance of an invalid ordinance of the common council, the Croton aqueduct board of the city of New York advertised for proposals for paving a street. On October 15, 1869, the proposals for the work were opened, plaintiff was announced to be the lowest bidder, and the contract was awarded to him. Plaintiff's proposal was accompanied by a bond with sureties as required by the specifications. On December 18, 1869, the common council, by resolution, rescinded the ordinance. Plaintiff thereafter demanded, of the said board, that the contract should be executed, which was refused. In May, 1872, plaintiff presented the papers to the commissioners appointed under the act of 1872 (chap. 580, Laws of 1872), who gave a certificate that there was no fraud in the award. In an action to recover damages, *held*, that the award of the contract by the board was an approval of a sufficiency of the sureties and no other was needed; that the security mentioned in section 38 of the city charter of 1857 (chap. 446, Laws of 1857), which is required to be approved by the comptroller, was that required of the contractor on entering into the formal contract after the award to him, but, *held*, that the ordinance not having been legally passed all subsequent proceedings were invalid and plaintiff acquired no rights under it; that, as previous to the passage of the act of 1872, the ordinance was annulled, there was nothing for the commissioners to act upon; and that, therefore, plaintiff was not entitled to recover.

Also, *held*, that the resolution rescinding the ordinance was not required to be published, as it did not involve any of the matters mentioned in the provision of said charter (§ 38) in reference to publication.

*It seems,* that had the ordinance, authorizing the work, been valid and the proceedings, prior to opening the bids, regular plaintiff would have had a valid contract for the breach of which he could have claimed damages (chap. 308, Laws of 1861); and that, having such a contract, it could not be destroyed by the rescission of the ordinance.

Also, that the quantities mentioned in the specifications were proper to be taken as *prima facie* the amount of work to be done; and that the prices specified in the proposal, less what the work could have been done for, furnished the proper measure of damages.

(Argued December 9, 1880; decided December 21, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, in favor of plaintiff, entered upon an order made February 3, 1879, overruling defendant's exceptions and directing judgment on a verdict.

This action was brought to recover damages for alleged breach of contract.

The facts established were substantially as follows: The Croton aqueduct board in pursuance of an ordinance of the common council of the city of New York, directing the paving of a specified portion of Eleventh street, which ordinance the evidence tended to show and it was assumed on the trial was illegal, advertised for proposals for the work. Plaintiff put in a proposal accompanied by a bond with sureties as required by the specification. On October 15, 1879, the proposals were opened, plaintiff was declared to be the lowest bidder and the contract was awarded to him. On October 18, his proposal was transmitted by said board to the comptroller for approval of the sureties. On December 18, the common council passed a resolution declaring that the ordinance authorizing the work was "annulled, rescinded and repealed." On December 22, the comptroller approved the sureties. Plaintiff demanded of the Croton aqueduct board that the contract should be executed and delivered to him, but said board refused to enter into a contract on the ground that the ordinance had been rescinded. On May 23, 1872, plaintiff presented the papers relating to said contract to the commissioners appointed by chapter 580, Laws of 1872, who indorsed thereon their certificate, that they were satisfied there had been no fraud in the award. Subsequently plaintiff again demanded of the commissioner of public works that he should enter into a contract, which he refused. Further facts appear in the opinion.

*D. J. Dean* for appellant. The plaintiff never became entitled to the contract. (Laws of 1857, chap. 446, p. 886; *Smith* v. *Mayor*, 10 N. Y. 504.) Legislative power may be lawfully exercised so as to prevent the performance of public work, even after contract has been made. (*N. Y. Prot. Ep. School*, 46 N. Y. 180; *Presb. Church* v. *Mayor*, 5 Cow. 538; *Britton* v. *Mayor*, 21 How. 251.) The act of the comptroller in approving the sureties, after the repeal of the ordinance, is a

nullity, and is ineffectual to assist in creating a charge or obligation against the city. (65 Barb. 331; affirmed, 53 N. Y. 606.) Chapter 580, Laws of 1872, relates only to contracts which had been previously authorized by the common council, not to contracts made without any ordinance therefor. (53 N. Y. 606.)

*Elliot Sandford* for respondent. Plaintiff was entitled to damages for the wrongful abrogation of the contract, and loss of future profits. This was the difference between the contract price and what it would have cost to perform the work. (*Devlin* v. *The Mayor*, 63 N. Y. 9, 25; *People ex rel. Lunney* v. *Campbell*, 72 id. 496.) The attempt to shift the responsibility for the illegal acts of the defendant upon the Croton aqueduct board, or its successor, the department of public works, is futile. (*McAvoy* v. *The Mayor*, 54 How. 245; *People ex rel. Bradley* v. *Stevens*, 51 id. 103, 149; *In re Zborowski*, 68 N. Y. 88; Charter of 1870, chap. 137, § 67.) The contract for the work was vested in plaintiff on October 15, 1869, when the bids therefor were opened and the contract awarded to him as the lowest bidder. (Chap. 308, Laws of 1861, § 1; *Matter of the Protestant Episcopal School*, 40 How. 139, 141; *People ex rel. Frost* v. *Fay*, 3 Lans. 398, 402; *Garfielde* v. *U. S.*, 3 Otto, 242.) Plaintiff's security was adequate when the award was made. The adequacy of the security, if not to be ascertained before, related back when passed upon to the time of the award. (*Jackson* v. *Ramsey*, 3 Cow. 75; *Fuller* v. *Van-Geesen*, 4 Hill, 171; *Berley* v. *Taylor*, 5 id. 577, 587; *Wright* v. *Douglass*, 2 N. Y. 373; *Hathaway* v. *Payne*, 34 id. 92; *Lightbody* v. *N. A. Ins. Co.*, 23 Wend. 18, 24; *Clark* v. *Brockway*, 1 Abb. Ct. App. Dec. 351; *Judd* v. *Seekins*, 3 N. Y. Sup. Ct. [T. & C.] 266; *Moore* v. *The Mayor*, 73 N. Y. 238.) As plaintiff's right to the contract was vested on October 15, when it was awarded to him, it is immaterial to inquire whether the alleged resolution, rescinding the original ordinance for the work, was or was not properly passed. (*State of N. Y.* v. *Mayor of N. Y.*, 3 Duer, 119, 146, 147;

*People* v. *Medical Society*, 24 Barb. 570 ; Sedgwick on Statutes [2d ed.], 400 ; *Dunham* v. *Trustees of Rochester*, 5 Cow. 462 ; *Brady* v. *The Mayor, etc.*, 1 Barb. 584, 591.) The paper alleged to be, and introduced as, the rescinding resolution was not properly enacted, and, therefore, never existed or took effect. (*Thompson* v. *Schermerhorn*, 6 N. Y. 92 ; *State of N. Y.* v. *The Mayor of N. Y.*, *supra ;* Sedgwick on Statutes [2d ed.], 397, 399 ; 1 Dillon on Mun. Corp., § 246.) The defendant is estopped by the certificate, in plaintiff's favor, of the commission, under chapter 580, Laws of 1872, from denying his right to the contract, or claiming any efficacy for the repealing ordinance. (Bigelow on Estoppel, 45 ; *Gates* v. *Preston*, 41 N. Y. 113 ; *Morewood* v. *The Mayor*, 6 How. 386 ; Herman on Estoppel, 81 ; *Jackson* v. *Hoffman*, 9 Cow. 270 ; *Krekeler* v. *Ritter*, 62 N. Y. 372 ; Freeman on Judgments, § 249 ; *King* v. *Course*, 25 Ind. 202 ; Sedgwick on Statutes, 141, note ; *Syracuse City Bank* v. *Davis*, 16 Barb. 188 ; *Guilford* v. *Supervisors*, 13 N. Y. 143 ; *S. C.* affirmed, 18 Barb. 615 ; *Brewster* v. *Syracuse*, 19 N. Y. 116 ; *Thomas* v. *Leland*, 24 Wend. 65 ; *Duanesburg* v. *Jenkins*, 57 N. Y. 177.) Chapter 580, Laws 1872, is declared constitutional *In re Mayer*, 50 N. Y. 504.) Under this section 7 of the act, an assessment could have been laid without ordinance. (*Matter of Peugnet*, 5 Hun, 435 ; affirmed, 67 N. Y. 441 ; *Brown* v. *The Mayor, etc.*, 63 id. 239 ; *People* v. *Flagg*, 46 id. 401 ; *People* v. *Tweed*, 63 id. 202 ; Cooley's Constitutional Limitations, 230 ; *Brewster* v. *Syracuse*, *supra*.) Whether or not an assessment could have been laid is immaterial. (*Beard* v. *Brooklyn*, 31 Barb. 142 ; *Cumming* v. *The Mayor, etc.*, 11 Paige, 596.)

EARL, J. This case was so tried as very imperfectly to present for our consideration the important questions which seem to be involved.

If the ordinance for paving the street was regularly passed and the proceedings prior to opening the bids were regular and valid, then we are of opinion that the plaintiff had a valid

contract with the city for the breach of which he can claim damages.    It is provided in section 1 of chapter 308 of the Laws of 1861, that " all contracts by or on behalf of the mayor, etc., of New York, shall be awarded to the lowest bidder for the same respectively with adequate security, and every such contract shall be deemed confirmed in and to such lowest bidder, at the time of the opening of the bids, estimates or proposals therefor, and such contract shall be forthwith duly executed in the name of said mayor, etc., by the head of the department having cognizance thereof, with such lowest bidder."    The bids for the work to be done under the ordinance were opened October 15, 1869, and it was publicly announced that the plaintiff was the lowest bidder, and the contract therefor was awarded to him.    The proposal was accompanied by a bond executed by two sureties, who justified in the amount required of them in the specifications upon which the proposal was based.    When the board awarded the contract they must have determined not only that the plaintiff was the lowest bidder, but the lowest " with adequate security," and hence they must have approved of the sufficiency of the security.    For the purposes of the section above recited, we think no other approval of the security was needed.    The approval subsequently indorsed upon the bond on the 22d of December, is simply evidence, if any was needed, that the security, at the time the contract was awarded, was adequate.

The security mentioned in section 38 of chapter 446 of the Laws of 1857 is the security required to be given by the contractor on entering into the formal contract after the contract has been awarded, and that is required to be approved by the comptroller.    But whether the security which accompanies the proposal is in proper form and adequate is to be determined by the contracting board before they award the contract. Hence, upon the assumption that there was a valid ordinance, the plaintiff obtained a valid contract by virtue of section 1 cited.

Having such a contract, it was binding upon both parties and could not be destroyed by the subsequent action of the

common council rescinding the ordinance. That action might arrest the performance of the contract, but could not destroy its obligation. The city could break its contract, but would remain liable for damages for such breach.

Upon the assumption that plaintiff was entitled to recover damages, there was no error in taking the quantities mentioned in the specifications as *prima facie* the amount of work to be done. It was incumbent upon him to show for how much less than the contract price he could have performed the work, and then the jury would have had facts from which they could have arrived at the amount of his damages.

These views are expressed with a view to the new trial which we have concluded to grant. We think it sufficiently appears that the ordinance referred to was not legally passed, and was, therefore, void at the time the bids were opened and the formal award made. The complaint proceeds upon the assumption that the proceedings awarding the contract were irregular and void, else it would have contained no reference to the action of the commissioners under the act chapter 580 of the Laws of 1872. The answer alleges that the ordinance was invalid, and there was proof at the trial *prima facie* showing that it was invalid; and we think it was assumed at the trial, and even upon the argument before us, that it was invalid. If the ordinance and the proceedings under it had been valid, there would have been no occasion for the plaintiff to submit his contract to the commissioners appointed in the act of 1872. The submission of his contract to such commissioners was a confession, but not a conclusive one, on his part, that the proceedings resulting in such contract were irregular and invalid, and that he sought thereby to have the same, by the effect of the certificate of such commissioners, confirmed. If his contract was regular and valid when awarded to him, then he did not need the action of such commissioners, and they had no function in reference to it.

The ordinance not having been legally passed, all proceedings under it were wholly invalid, and the plaintiff obtained no valid contract and no rights against the defendant. The in-

valid ordinance was "annulled, rescinded and repealed" on the 18th day of December, 1869. The plaintiff could not complain of the last ordinance, as he had acquired no rights under the prior ordinance. That was invalid, and by the last ordinance was completely wiped out, as if it had never been.

It is said on behalf of the plaintiff, that the last ordinance was invalid because not published. But the law (section 37, chapter 446 of the Laws of 1857) did not require it to be published, as it did not involve the appropriation of any money, or any of the other matters mentioned in the statute.

As the first ordinance was invalid, there was nothing for submission to the commissioners under the act of 1872. Long before that act was passed and while plaintiff had no rights under the award to him, the ordinance had been annulled, and there was nothing for the commissioners to act on.

It is very doubtful whether the plaintiff could, upon any proof he could make, recover the $3.50 per day for doing the work in less time than two hundred days; but as the item is a small and unimportant one, and may not be involved upon another trial, we will notice it no further than to say that to recover for that item, the plaintiff would be obliged at least to show not only that he *could* do the work in less than one hundred days, but also that he *would* so do it; and also that by so doing it the work would not cost more than it would to take the whole two hundred days in which to do it.

The judgment should, therefore, be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.