WILLIAM C. JARDINE, Appellant, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

(Decided June 5th, 1882.)

When a contract for an improvement in the City of New York has been made by the city without the previous publication of the resolution for such improvement required by law, the city does not become liable to the contractor in damages, by preventing him from performing such contract.

APPEAL from a judgment of this court entered upon the report of a referee.

The facts are stated in the opinion.

*John E. Parsons,* for appellant.

*William C. Whitney,* for respondents.

VAN BRUNT, J.—This action is brought to recover damages, because, as the plaintiff claims, the defendants prevented him from the performance of a contract which he had with the defendants. They denied that there was any contract, because of the failure to advertise according to law. The referee so held and dismissed the complaint, and from the judgment thereupon entered this appeal is taken, and the appellant claims that the referee erred in dismissing the complaint, upon the authority of *Moore* v. *The Mayor* (73 N. Y. 238), which decided that although the forms required by the statute were not complied with, the plaintiffs had a right to recover. In the case of *Moore* v. *The Mayor,* a contract had been entered into between the plaintiff and defendants, without due advertisement. The plaintiff went on and completed the work, and the same was accepted and used by the city, and the court held that

although a municipal corporation may set up, as a defense
to an action upon a contract alleged to have been made by
it, its own want of power to contract, yet, as against those
innocently dealing with it, and in good faith parting with
property and expending money for its benefit, it may be
estopped from availing itself of irregularities in the exercise
of the power conferred.   The court, as the foundation of
its opinion, say that, " When there has been a *bonâ fide*
performance of a contract, of which the city has had the
benefit, there is a strong equity in favor of the contractor
seeking his pay, entitling him to the benefit of a ratification
even of a void contract upon slight evidence, if the ratifying
body has general power over the subject of the contract,
and of an estoppel when an estoppel fairly results from the
conduct of the general agents of the city (Dillon Mun.
Corp., § 385 and note 3, and § 386).   Judge DENIO, in
*Brady* v. *The Mayor, &c.* (20 N. Y. 312), said : ' It is not
necessary to deny that one who has *bonâ fide* performed
labor under a contract which is void from a failure to com-
ply with the statutes may maintain an action against the
city to recover a *quantum meruit* when the work has been
accepted by the city, and has gone into use for public pur-
poses.'   It is not intended by quoting this language to
intimate that a contract expressly forbidden by statute, or
clearly *ultra vires*, can be ratified by the corporate author-
ities."

If the decision of the court had been based upon the
above ground only, as it might have been, this case would
have been no authority for the maintenance of the case at
bar.   In the case now before us there is no evidence of any
contract performed, no evidence of any work done or mate-
rial furnished and accepted.   There is no evidence that the
defendants have received any benefit from anything done or
furnished by the plaintiff.   The only evidence is that some
stones were placed by the contractor upon the line of the
work, but as to what became of them, who used them, or
whether ever accepted by the city, we have no evidence.
And even if the city had received them and used them the

recovery could only be upon a *quantum meruit* according to the principle cited in the above case.

But the case of *Moore* v. *The Mayor* goes much further. The learned judge who delivered the opinion of the court in that case says: "But waiving further discussion of the question of estoppel, which I think is established, or of ratification, I am of opinion that the ordinance was a valid ordinance, regularly passed, so as fully to authorize the making of the contract by the Croton Board. The publication prior to the passage of the ordinance was not a condition precedent to the existence of power in the Common Council. It was not jurisdictional, and the omission of the publication in one paper out of several, or the publication in one or more of the papers for a less time than required by law, or a defective publication in some of the papers, would be mere irregularities not affecting the jurisdiction of the Common Council."

It will be seen that this principle was not concurred in by all the members of the court, although it seems to have received the indorsement of a majority thereof.

In the case of *Baird* v. *The Mayor* (83 N. Y., 254) the court seem to hold that an ordinance passed without due advertisement is illegal. The only defect complained of in that case was a want of due advertisement, and the court say that " we think it sufficiently appears that the ordinance was not legally passed," although this expression of opinion may be deemed to be qualified by the following statement in the opinion that the complaint proceeds upon the theory that the proceedings awarding the contract were irregular and void.

It seems to me that we should hold the latter case controlling upon this point. It appears to harmonize best with what justice requires. It does not appear equitable that the city should be mulcted in damages for the failure to allow a contractor to enter upon and fulfill a contract for an improvement which the adjacent property should pay for, and for which they could not collect an assessment because of defects in the proceedings preliminary to the

awarding the contract.   It would be equally unjust, after a contractor had fulfilled his contract and the city had received, accepted and had the benefit of the work, that the contractor should lose his labor and materials.   The city, in such a case, should pay what they were worth, as was held in *Moore* v. *The Mayor*, (*supra*).   It would seem that such a rule would work no injustice and hardship, and would be in consonance with well established principles of law.

I am of the opinion, therefore, that the judgment appealed from should be affirmed, with costs.

BEACH, J. concurred.

Judgment affirmed, with costs.