OTTENDORFER *et al. v.* FORTUNATO.

*(Superior Court of New York City, General Term.   March 5, 1889.)*

MUNICIPAL CORPORATIONS—CONTRACT FOR STREET GRADING—AMENDMENT OF ORDI-
NANCE—EFFECT ON CONTRACT.

After the passage of an ordinance for the regulating and grading of a street to One Hundred and Thirty-Fifth street, defendant contracted with the city to do the work, and entered on the performance thereof.   Thereafter the ordinance was amended so as to provide for grading said street only to One Hundred and Thirty-Fourth street.   *Held,* that the amending ordinance did not abrogate the contract, or affect its obligation, and until the city acted on the ordinance, and forbade the contractor going on under his contract, he had a right to pursue the work.

Appeal from special term.

Action by Oswald Ottendorfer and others against Maicho Fortunato to en-join the prosecution of certain street grading, etc.   From an order dissolv-ing a preliminary injunction and denying motion for the continuance of an injunction, plaintiffs appeal.

Argued before SEDGWICK, C. J., and DUGRO, J.

*John C. Shaw,* for appellants.   *Charles W. Dayton,* for respondent.

SEDGWICK, C. J.   In March, 1888, the board of aldermen passed an ordi-nance that Twelfth avenue, from One Hundred and Thirty-Third street to One Hundred and Thirty-Fifth street, be regulated and graded, the curb-stones set, and sidewalks flagged, etc., under the direction of the commis-sioners of public works.   Afterwards the contract for the performance of the work was duly entered into by the defendant and the city.   ·The defendant legally proceeded to the performance of the work, beginning at the south end.   Before the work passed One Hundred and Thirty-Fourth street, the common council passed an ordinance that the "ordinance adopted, etc., pro-viding that 'Twelfth avenue from One Hundred and Thirty-Third to One Hundred and Thirty-Fifth street be regulated and graded, under the direction of the commissioners of public works,' be, and it hereby is, amended to read as follows:   That Twelfth avenue from One Hundred and Thirty-Third to One Hundred and Thirty-Fourth street be regulated and graded, the curb-stones set, and sidewalk flagged a space four feet wide through the center thereof, under the direction of the commissioner of public works."   The plaintiffs were owners of vacant land on Twelfth avenue from One Hun-dred and Thirty-Fourth to One Hundred and Thirty-Fifth street, and the complaint averred that this land would be damaged if the work proceeded be-yond One Hundred and Thirty-Fourth street.   It was averred that the dam-ages would be caused by a deep cut through the land being made by the im-provement, into which sand of great· value would run from the plaintiffs' lands.   After the passing of the last ordinance, the plaintiffs requested the defendant to refrain from going on with the work beyond One Hundred and

Thirty-Fourth street.  The defendant refused to refrain as requested, and the plaintiffs brought this action for an injunction to enjoin the defendant from proceeding with the work beyond One Hundred and Thirty-Fourth street.  A preliminary order of injunction was made.  This was vacated upon motion, and this appeal is from order made upon that motion.

The amending ordinance did not abrogate the contract or affect its obligation. *Baird* v. *Mayor*, 83 N. Y. 259.  However, "the city could break its contract, but would remain liable for such breach."  In this case, unless the contract was broken by the city, the authority of the defendant to complete the contract was continued.  The breach referred to is such a one as would be a prohibition to the contractor. from going on with the work.  The amending ordinance was not retroactive.  The contract remained in full force, with the liabilities of the respective parties that the law attaches to such a contract.  Until the corporation acted upon the ordinance, and by its proper authorities forbade the contractor going on under the contract, he had a right to pursue the work.  In fact, the commissioner of public works insisted that the work was to be prosecuted.  I do not see that this case is like the *Case of the Protestant Episcopal Church*, 46 N. Y. 179.  There was involved a competent prohibition of the work, enacted by the legislature of the state, and which directed both the city and the contractor.  The power of the legislature could not be foreclosed "by any contract of a municipal corporation."  The law created at once a duty.  In the present case, whether or not there was a breach of contract in a prohibition from continuing the contract is a matter of fact.  The passing of the amending ordinance is evidence perhaps of an intention on the part of the common council that the work should be stopped some time in the future.  That intention was not carried into effect, and indeed was not shared by all of the agents of the corporation which was a party to the contract.  The contract thereupon was an authority for the defendant to continue his work.  I am of opinion that the order should be affirmed, with $10 costs.

DUGRO, J., concurred.