By the Court.—Sedgwick, Ch. J.
The amending ordinance did not abrogate the contract or affect its obligations. Baird v. The Mayor, 83 N. Y. 259. However, “ the city could break its contract but would remain liable for such breach.” In this case, unless the contract was broken by the city, the authority of the defendant to complete the contract was continued. The breach referred to, is such an one as would be a prohibition to the contractor from going on with the work.
The amending ordinance was not retroactive. The contract remained in full force with the liabilities of the respective parties that the law attaches to such a contract. Until the corporation acted upon the ordinance and by its proper authorities forbade the contractor going on under the contract, he had a right to pursue the work. In fact, the commissioner of public works insisted that the work was to be prosecuted. I do not see that this case is like the cáse of the Protestant Episcopal School, 46 N. Y. 179. There was involved a competent prohibition of the work, enacted by the legislature of the state, and which directed both the city and the contractor. The power of the legislature could not be foreclosed “ by any contract of a municipal cor *500 poration.” The law created at once a duty. In the present case, whether or not there was a breach of contract, in a prohibition from continuing the contract, is a matter of fact. The passing of the amending ordinance is evidence perhaps of an intention on the part of the common council, that the work should be stopped some time in the future. That intention was not carried into effect, and indeed was not shared by all of the agents of the corporation, which was a party to the contract. The contract therefore was an authority for the defendant to continue his work.
I am of opinion, that the order should be affirmed with $10 costs.
Dugro, J., concurred.