(51 Misc. Rep. 119.)

### RODGERS v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. June, 1906.)

MUNICIPAL CORPORATIONS—INVALID CONTRACT—REFUSAL TO CARRY OUT.

A contractor sued the city of New York to recover for its refusal to permit him to fulfill a contract for street paving and for certain repairs to sidewalks, which latter contract the city was not authorized to enter into for want of proper proceedings. *Held* that, where the whole work was everywhere referred to in the instrument thereby creating an entire contract, plaintiff could not recover.

Action by John C. Rodgers, Jr., against the city of New York. Verdict directed for defendant.

L. Laflin Kellogg, for plaintiff.
John J. Delany, Corp. Counsel (James T. Malone and Francis Martin, of counsel), for defendant.

FITZGERALD, J. In February, 1902, owners of property on or near Tremont avenue petitioned the local board of Morrisania, borough of the Bronx, to initiate proceedings for paving Tremont avenue, from Third avenue to Boston Road, with granite block pavement on a sand foundation. On March 12th following the board adopted a resolution providing for the work, which resolution was approved by the board of estimate and apportionment of the city of New York, and thereafter the president of the borough of the Bronx advertised for bids or estimates for the work called for, but included in these advertisements additional work, to wit, estimates for "new curb stone and setting the same, old curb stone to be reset, etc., new bridge stone to be laid, old bridge stone to be rejointed and relaid, old flagging to be relaid, new flagging to be laid, dry rubble masonry for bringing retaining walls to proper grade, and thirteen receiving basins." This proposed additonal work was without lawful authority, the statutory steps had not been taken in reference thereto, and the contract executed by the president of the borough of the Bronx to the plaintiff, who was the lowest bidder, was illegal. The work authorized was what is known as "assessment work," the cost of which was to be assessed upon the property deemed to be benefited thereby, and it is clear that no assessment could be legally imposed and collected therefor. Upon a readvertisement after proper proceedings, a new contract was awarded under which the work was performed.

Plaintiff insists that the contract is a separable one, and that so much of it as related to the laying of granite block pavement on a sand foundation was entirely legal, and claims damages for the breach. The contract was entire. All its material provisions are common and interdependent. 7 Am. & Eng. Ency. of Law (2d Ed.) 95. It is everywhere referred to in the instrument as the "whole work to be performed." Moore v. Mayor, 73 N. Y. 238, 29 Am. Rep. 134, was an executed contract, and the decision there rests upon certain equitable principles applicable to the circumstances of that particular case. In Donovan v. Mayor, 33 N. Y., the court said (page 293):

"The parties aggrieved have no remedy against the corporation. They were employed in contravention of the policy and terms of the statute, and they cannot invoke the aid of the courts to enforce an unlawful agreement. They could not contract with the city, except through its authorized agents, and they are chargeable in law with notice of the limitation of official authority imposed by general laws."

In Jardine v. Mayor, 11 Daly, 116, the following was declared to be the rule:

"It does not appear equitable that the city should be mulcted in damages for the failure to allow a contractor to enter upon and fulfill a contract for an improvement which the adjacent property should pay for, and for which

they could not collect an assessment because of defects in proceedings preliminary to the awarding of the contract."

Verdict directed for the defendant.
Verdict for defendant.