## Philadelphia to use *v.* Pemberton, Appellant.

*Municipal liens—Paving contract—Liability for repairs.*

A municipal lien for paving is not invalid by reason of the fact that the paving contract required the contractor to keep the pavement in repair for five years where it appears that the pavement laid in accordance with the specifications will last five years without repairs.

The kind of pavement to be constructed and the character of the work to be done are matters within the discretion of the municipal authorities, and it is competent for them to secure the proper performance of the contract by a guarantee of permanency of the work, if in so doing they do not impose upon the property owner more than the cost of the original pavement constructed in strict compliance with the specifications. If the obligation to repair does not exceed the period of time that the work if well done would last, it is not objectionable as casting on the individual owner a burden of taxation that should be borne by the community at large. Unless the time for which repairs are to be made is so unreasonable as to indicate an intention to impose the cost of maintenance upon the abutting owner, the provision for repairs will be regarded as a guarantee of compliance with the contract for paving. Per FELL, J.

*Municipalities—Municipal contracts—Discretion of authorities.*

The powers of municipal officers in awarding contracts are not merely ministerial, but discretionary; and they may take into consideration other matters than the mere pecuniary responsibility of the bidder, and they are not bound to make awards to the lowest bidders.

*Municipal lien—Paving—Cartway—Act of June 4, 1901.*

Under the Act of June 4, 1901, P. L. 364, a municipal lien may be filed for paving a cartway.

Argued Jan. 13, 1904. Appeal, No. 201, Jan. T., 1903, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1902, No. 812, M. L. D., making absolute rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia to use of the Vulcanite Paving Company v. Clifford Pember-

ton, Jr.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Scire facias sur municipal lien for paving.    Before AUDENREID, J.

The material averments of the affidavit of defense are stated in the opinion of the Supreme Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Thomas Ridgway* and *John J. Ridgway*, for appellant.—The claim is void because the ordinance and contract require the use plaintiff to keep the cartway paving in good order and repair for five years after its completion and enter security therefor, thus charging defendant with the expense of said repairs : Hammett v. Phila., 65 Pa. 146 ; Williamsport v. Beck, 128 Pa. 147 ; Harrisburg v. Segelbaum, 151 Pa. 172; Scranton v. Sturges, 202 Pa. 182; Williamsport v. Hughes, 10 Pa. Dist. Rep. 607; Schenectady v. Union College, 66 Hun, 179 (21 N. Y. Supp. 147) ; Boyd v. Milwaukee, 92 Wis. 456 (66 N. W. Repr. 603) ; Portland v. Bituminous Paving Co., 33 Ore. 307 (52 Pac. Repr. 28) ; Verdin v. St. Louis, 131 Mo. 26 (33 S. W. Repr. 480).

The price charged is greater than the value : Pepper v. Philadelphia, 114 Pa. 96 ; Craig v. Philadelphia, 89 Pa. 265; Philadelphia v. Arrott, 8 Phila. 41.

The market prices do not represent the real value : Kountz v. Kirkpatrick, 72 Pa. 376 ; Kountz v. Citizens' Oil Refining Co., 72 Pa. 392.

The Act of June 4, 1901, P. L. 364, does not authorize the filing of claims for cartway paving.    Sec. 1, defining the municipal claims which may be filed under the act, omits claims for cartway paving.

*James Alcorn*, assistant city solicitor, and *Edwin O. Michener*, with them *M. Hampton Todd*, and *John G. Johnson*, for appellee.—The covenant in this case, to " keep said street in good order and repair" for five years, amounts to no more than a guarantee of quality, and imposed no additional burden upon defendant's property : Williamsport v. Hughes, 21 Pa. Superior Ct. 443; Parsons v. District of Columbia, 170 U. S. 45 (18

Sup. Ct. Repr. 521) ; Robertson v. Omaha, 55 Neb. 718 (76 N. W. Repr. 442) ; Wilson v. Trenton, 61 N. J. L. 559 (40 Atl. Repr. 575) ; Borton v. Camden, 65 N. J. L. 511 (47 Atl. Repr. 436) ; People ex rel. North v. Featherstonhaugh, 172 N. Y. 112 (64 N. E. Repr. 802).

OPINION BY MR. JUSTICE FELL, February 29, 1904 :

Judgment was entered for want of a sufficient affidavit of defense, in a proceeding by scire facias to recover the amount of a municipal lien for paving.   The principal question raised by the appeal is whether the provision in the contract requiring the contractor to keep the pavement in repair for five years affected the validity of the lien.   There was set out in the affidavit of defense the provision of the ordinance which required the contractor to enter into an obligation to keep the street in repair for five years, the stipulation in the proposal that he would guarantee to keep it in repair for this period, and the covenant in the contract that he should " keep said street in good order and repair at the finished grade for at least five years after the same shall have been paved and thrown open for public use."   It was averred in the affidavit that the condition relating to repairs imposed upon the defendant, contrary to law, the expense of repairing the street, and made the lien void ; that it is necessary for the contractor " to add a considerable sum over and above the actual cost and profit of the asphalt paving in order to cover the expense of making all repairs thereto for five years ; " and that the use plaintiff's bid for the work included a sum to cover the cost of keeping the pavement in good order and repair for five years after it was laid.   The plaintiff's reply, which he was ruled to file under the provision of section 19, Act of June 4, 1901, P. L. 364, contained a distinct denial that the contract imposed upon the defendant the burden and expense of paying for repairs, and it was averred that if the paving was done in accordance with the specifications it would not need any repairing within five years ; that the guarantee was exacted by the city in order to secure a compliance with the contract ; that a pavement so constructed would outlast the period of guarantee without repair, and that the pavement was laid " in accordance with the specifications and the contract price did not include any charges

for repairs or maintenance or guarantee." A supplemental affidavit was filed which set up other grounds of defense, but did not touch the one now considered. No question of practice under the act of 1901 was raised on the hearing of the rule. Both affidavits and the defendant's reply were before the court, and we assume that this branch of the case was then considered, as it was here argued for the appellant, as giving rise to the single question whether the provision for repairs made the lien invalid.

Local assessments for local improvements can be imposed only where special benefits have been conferred on the property assessed, and only to the extent of the benefits. In the case of street paving only the first cost can be charged, because repaving and repairing are for the benefit of the general public and are not of special advantage to the abutting property : Hammett v. Philadelphia, 65 Pa. 146. A charge for maintenance indirectly imposed by including it in the contract price for the original work is not less objectionable than a direct charge. But the kind of pavement to be constructed and the character of the work to be done are matters within the discretion of the municipal authorities, and it is competent for them to secure the proper performance of the contract by a guarantee of permanency of the work, if in so doing they do not impose upon the property owner more than the cost of the original pavement, constructed in strict compliance with the specifications. If the obligation to repair does not exceed the period of time that the work if well done would last, it is not objectionable as casting on the individual owner a burden of taxation that should be borne by the community at large. Unless the time for which repairs are to be made is so unreasonable as to indicate an intention to impose the cost of maintenance upon the abutting owner, the provision for repairs will be regarded as a guarantee of compliance with the contract for paving. We find in this contract no evidence of such an intention, and no evidence of an abuse of discretion by the municipal authorities. In the opinion in the recent case of Williamsport v. Hughes, 21 Pa. Superior Ct. 443, in which the authorities on the subject are carefully reviewed, it was said : " The municipal authorities are supposed to take into consideration all the circumstances surrounding the work

about which they enter into a contract. They are vested with a discretion to determine the period of time to be covered by the covenants which they shall exact to secure durable work. The guarantee is but an incident of the bargain. The municipal authorities have jurisdiction to make the contract, and the contractor is bound by it. As against the property owner who is to be assessed, the judgment of the municipal authorities as to what covenants are necessary to secure durable original construction must stand, until it is clearly established by evidence that there has been an abuse of discretion."

The other questions raised may be briefly disposed of. Gross negligence in doing the work or a wilful departure from the terms of the contract would defeat a recovery for any part of the price ; and slight imperfections in the work or variations from the contract not seriously affecting the usefulness of the pavement but making it of less value, would entitle the defendant to a deduction of the difference between the value of the work contracted for and the value of the work done : Pepper v. Philadelphia, 114 Pa. 96 ; City of Erie v. Butler, 120 Pa. 374. But this ground of defense was not presented by the affidavits filed. There was no denial that the paving was well done and in strict accordance with the specifications. The substance of the averment is that the price charged is greater than that for which the work could have been properly done, and greater than that for which similar work was contracted for in other cities, and greater than the market value thereof at the time. Even a distinct averment that the city could have contracted for a smaller price, would not have been a valid ground of defense. The powers of municipal officers in awarding contracts are not merely ministerial but discretionary. And they may take into consideration other matters than the mere pecuniary responsibility of the bidder, and they are not bound to make awards to the lowest bidders : Commonwealth ex rel. Snyder v. Mitchell, 82 Pa. 343 ; Interstate Vitrified Brick and Paving Co. v. Philadelphia, 164 Pa. 477.

The contention that the act of June 4, 1901, does not authorize the filing of a claim for paving a cartway cannot be sustained. The words " otherwise improving " in the first part of the fourth paragraph of Section 1 are certainly broad

enough to include paving, and the right to file liens for paving cartways is expressly conferred by section 4.

The judgment is affirmed.