## Philadelphia to use, Appellant, *v.* Pemberton.

*Municipal liens—Paving contract—Liability for repairs.*

A municipal lien for paving is not invalid by reason of the fact that the paving contract required the contractor to keep the pavement in repair for five years, where it appears that the pavement laid in accordance with the specifications will last five years without repairs.

*Municipalities—Municipal contracts—Discretion of authority.*

The powers of municipal officers in awarding contracts are not merely ministerial, but discretionary ; and they may take into consideration other matters than the mere pecuniary responsibility of the bidder, and they are not bound to made awards to the lowest bidders.

*Municipal lien—Paving—Cartway—Act of June 4, 1901.*

Under the Act of June 4, 1901, P. L. 364, a municipal lien may be filed for paving a cartway.

Argued Oct. 13, 1903. Appeal, No. 103, Oct. T., 1903, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1902, No. 3885, M. L. D., discharging rule for judgment for want of a sufficient affidavit of defense in case of City of Philadelphia to use of Thomas Cunningham v. Clifford Pemberton, Jr., Owner, and Lancaster J. Jenkins, Reg. Owner. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Robert Alexander*, of *Alexander & Magill*, for appellant.

*Thomas Ridgway*, with him *John J. Ridgway*, for appellee.

OPINION BY PORTER, J., July 28, 1904 :

This was a scire facias sur municipal lien for paving. The court below discharged a rule for judgment for want of a sufficient affidavit of defense and the plaintiff appeals. The affidavit of defense which the learned judge of the court below held to be sufficient did not allege that there had been a failure upon the part of the municipal authorities to comply with all the provisions of the statutes of the commonwealth and ordinances of the city in letting the contract under which the improvement in question was made; nor does it suggest that the contract was not let in good faith to the lowest responsible bidder. We must therefore assume that the municipal officers had jurisdiction to let the contract and that they proceeded in the manner authorized by law: Erie v. Bier, 10 Pa. Superior Ct. 381. That the contractor did the work in a skillful manner and according to the specifications is not denied.

The affidavit of the defendant denies liability upon three specific grounds : (1) " The claim is void because the ordinance and contract require the use plaintiff to keep the cartway paving in good order and repair for five years after its completion and enter security therefor, thus charging defendant with the expense of said repairs." (2) " The price charged is greater than the value of the paving." (3) " The Act of June 4, 1901, P. L. 364, does not authorize the filing of a claim for paving the cartways of public highways." These several grounds of defense are in the affidavit which we are now considering set forth at length in almost the same language which was used (in another case) by this same defendant in an affidavit of defense which was by the Supreme Court held to be insufficient in the case of Philadelphia v. Pemberton, 208 Pa. 214. The opinion of Mr. Justice FELL, in the case referred to, so completely covers every question presented by this record

that further discussion is unnecessary. We have decided to the same effect in Williamsport v. Hughes, 21 Pa. Superior Ct. 443.

The record is remitted to the court below, with directions to enter judgment against the defendants for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.