# York City, Appellant, *v.* Stauffer.

*Municipal lien—Paving—Petition of property owners—Partial paving of street—Act of May 16, 1889, P. L. 228.*

1. Where a property owner signs a petition for the paving of a square in a city street on which his property is situated, the cost thereof to be assessed on abutting property "according to the foot front rule," and the city upon ascertaining that certain of the property owners who had not signed the petition had signified their intention to refuse to pay any part of the cost on the ground that it was a repaving, and the city thereupon paves only in front of the properties owned by the persons signing the petition, thus paving the street only in spots, the owner who signed the petition cannot be assessed any part for the improvement.

2. When a property owner in a city of the third class petitions for the paving of a street, the cost to be assessed "by an equal assessment on the said property in proportion to the number of feet the same fronts on the street," under the provisions of the Act of May 16, 1889, P. L. 228, he does not undertake merely to pay the exact cost of the paving in front of his own particular property; his agreement is to pay his proportionate share of the cost of the whole improvement.

Argued March 12, 1913. Appeal, No. 16, March T., 1913, by plaintiff, from judgment of C. P. York Co., April Term, 1911, No. 57, on verdict for defendant in case of City of York *v.* D. F. Stauffer. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur municipal lien.

At the trial the jury by direction of the court returned a verdict for defendant.

Subsequently WANNER, P. J., filed the following opinion:

Motions for a new trial and for judgment non obstante veredicto have been filed in this case because the court, at the trial, gave binding instructions in favor of the defendant, D. F. Stauffer. He was one of the signers of a petition to the councils of the city of York, praying for

the paving of the block on South George street, extending from King to Princess streets. Said petition represented that the petitioners were a majority of the lot owners abutting on the line of said street between said points, and they therein agreed to pay for the paving in front of their respective properties only, according to the front foot rule.

An ordinance was accordingly passed authorizing the paving of said entire block with sheet asphalt on a concrete base, and providing that the assessment therefor should be separately made by the city engineer "at the completion of the improvement by apportioning the entire cost, except intersections and the part to be paved by the York Railways Company, or its successors, on all the properties fronting on said highway in proportion to the number of feet each property fronts thereon."

In pursuance of the provisions of this ordinance the city let a contract for the paving of the entire block as specified in both the petition and the ordinance. It is admitted that this block had originally been paved by the city in 1904 with concrete blocks, which were still in place but in very bad condition at the time when this petition for repaving the same was presented to councils.

At or about the time when work was commenced on the contract, the city was notified that the non-signing lot owners abutting upon this block would refuse to pay any assessment for this paving, whereupon the contractor proceeded to pave in front of the properties of the petitioners only. This seems to have been done at the instance of the city authorities, though it does not appear in the evidence that this change was authorized by any corporate or municipal action.

This work was finished in October, 1910, and the assessment for the same was laid by the city engineer early in November, 1910, which the defendant refused to pay.

In the spring of 1911 by reason of complaints about the condition of the street in front of the non-signing lot owners the city repaired the old asphalt paving by taking

up and relaying the blocks and supplying new ones where they were needed.

. It is well settled that the cost of repaving or repairing a street after the original paving has worn out, must be borne by the city itself, and cannot be assessed against the abutting lot owners, except by their unanimous consent, and it is immaterial whether the original paving was paid for by the city or by the lot owners: Harrisburg v. Segelbaum, 551 Pa. 172; Boyer v. Reading, 151 Pa. 185.

In this case, therefore, the petition, though signed by parties owning a majority of the foot frontage along the block in question, gave the city no authority under the Act of May 23, 1889, P. L. 277, 288, to assess the non-signing lot owners. When they objected and notified the city that they would not pay, the work should have been stopped for want of authority to carry it forward under the terms of the petition and the ordinance, or notice of the proposed change in the extent of the work should have been given to the petitioners. But without doing so, the city undertook to carry out a part of the work authorized by the petition and the ordinance, and then proceeded to assess the defendant by the front foot rule as much as if entire work prayed for and authorized by ordinance, had actually been performed.

This the defendant contends the city had no right to do, and he therefore denies his obligation to pay his said assessment. It seems clear that the city had no right to assess him independent of the petition signed by him and others. If there is any ground for recovery, it must be upon the quasi contractual relation established between the city and the petitioners on the terms of the petition and the resulting ordinance. But the city has failed to perform the work therein specified and for which alone the petitioners agreed to pay.

On the west side of George street within the block named, there were 85.7 lineal feet left unpaved, and on the east side 117.4 feet, extending in each case to the trolley tracks in the street. The entire length of the block

is 476.7 feet so that the unpaved portion thereof was about one-fourth and one-fifth respectively on the east and west sides of the street. This is the portion in which the old asphalt blocks were taken up and relaid as before stated, some months after the completion of the work of paving the other portion of the street and after the assessment for the same had been laid.

It is contended by the plaintiff that this amounted to a substantial performance of the work agreed upon between the petitioners and the city, for which reason the plaintiff was entitled to recover. But this is not substantial performance either in law or in point of fact, when we consider the extent of the unfinished work, under what we construe to have been an entire contract. Neither does it fall within the decisions cited, in which a recovery was sustained when the whole work contracted for was actually completed and accepted by the city, and the lot owner's objection only went to minor details or defects. As against such defects the individual lot owner can only defend pro tanto by showing that they were in front of his property and obtaining a reduction in the assessment. But that is not this case.

We see no reason why the ordinary rule that defeats a recovery of a part performance of a contract, which is an entirety in its nature, should not apply to this case.

The petitioners desired the paving of the entire block, and that was the consideration which moved them to agree to pay their respective proportions of the cost. It cannot be assumed that they would have been willing to do so, if they had anticipated that a part of the street would have been left in a defective and inferior condition.

Under the express terms of the original petition, the defendant was only bound to pay his proportion of the cost of the paving of the entire block. Under the assessment laid upon him by the city, he would be compelled to pay the same amount as if the entire block had 'been actually paved, and in addition thereto, he would be liable

to taxation for the repairs to the street in front of the lots of the non-signing property holders. He would, therefore, get less benefits and be ultimately compelled to pay more money under the plan thus forced upon him by the city, than under the terms of the agreement which he had voluntarily made. In Boyer v. Reading, 151 Pa. 185, which was a repaving case, the court recognizes the injustice of the condition imposed upon the defendant under the circumstances of this case, in the following language, "The petition of the citizens can give neither authority nor jurisdiction to assess the abutting owners. It may in certain cases, bind the petitioner, but not the citizen who does not so request. It is manifest, therefore, that unless all ask, the burden will rest unequally.

The willing citizen who petitions might be required to pay his pro rate assessment as well as his full general share of the city taxes in addition, for the general fund, and other citizens nothing. Any assessment or tax and collection against the latter being illegal, could be restrained.

If the whole work contracted for under the petition and ordinance had been completed, the defendant might have been estopped from refusing payment under certain of the authorities, but in no case have we found its liability enforced notwithstanding a noncompletion of the work as in the present case.

In Beaver Boro. v. Davidson, 9 Pa. Superior Ct. 159; Dewhurst v. Allegheny, 95 Pa. 437; Sewickley M. E. Church's Appeal, 165 Pa. 475; and similar cases, defendants were held estopped from denying the constitutionality of the legislation or the sufficiency of the signatures appended to the petitions and similar technical details because the work was fully completed and the petitioners' had reaped the full benefit of the same.

The main contention of the plaintiff is, that the defendant is estopped by his silence in not objecting to the work before its completion and before the assessment was laid for the cost thereof. But it nowhere appears in the evi-

dence that at any time before the completion of the paving in front of the lots of the petitioners, defendant knew that the city intended to pave less than the entire block.

In the absence of notice, or of information to the contrary, he had a right to infer that the work would be completed according to the terms of the petition, the ordinance, and the contract. He had not agreed to contribute towards the paving of any fractional part of the block, and had therefore no reason to anticipate being compelled to do so.

In Bidwell v. Pittsburg, 85 Pa. 412, the petitioner had himself acted as superintendent of the work, had sold the bonds, and made the assessment. After the completion of the work he was held estopped from denying the validity of the act of assembly under which it was done, but the court intimated in that case, that those who were not so estopped by reasons based upon their personal conduct might not be liable to such assessment, and this matter was referred to by the court in Boyer v. Reading, 151 Pa. 185.

We find no case among those cited in support of this alleged estoppel of the defendant in which the municipality had failed to perform the work agreed upon in its entirety, or in which the defendant was without previous notice or knowledge of the reduced extent of the work proposed by the city. In the absence of such notice or knowledge, the defendant was manifestly not called upon to protest against the action of the city and is therefore not estopped from defending against it now.

It is only he who did not speak when he ought to have spoken in the light of the knowledge which he then had, and whose silence was a fraud upon, or worked an injury to the other party, who is estopped thereby: Rhawn v. Edge Hill Furnace Co., 201 Pa. 637; Boyer v. Reading, 151 Pa. 185; Huss v. Jacobs, 210 Pa. 145.

In Wickham v. Twaddell, 25 Pa. Superior Ct. 188, it was specifically held that silence works no estoppel against a party who had no knowledge of the facts which would

otherwise have impelled him to speak.   Neither is the defendant estopped by his silence as to facts of which the city had knowledge, or as to which its means of obtaining knowledge were as good as his own.

Upon a full review of the law and the facts in this case, we have found no sufficient reason to change the conclusion reached by the court at the trial of the case.

Now, to wit, April 11, 1912: The motions for a new trial and for a judgment non obstante veredicto are both refused and overruled.

*Error assigned* was in giving binding instructions for defendant, and in refusing judgment for plaintiff n. o. v.

*John L. Rouse,* city solicitor, for appellant.—The case of Philadelphia v. Bilyeu, 47 Pa. Superior Ct. 148, seems to rule the case at bar in favor of our contention that the question of substantial performance of the contract should have been submitted to the jury.   After showing a substantial compliance, it became necessary according to the decisions, for the defendant to offer evidence, if he could, that there was no substantial compliance with the contract, and if so, to show further how much abatement from the amount of the assessment he was entitled to by reason thereof.   This rule is established in Williamsport v. Hughes, 21 Pa. Superior Ct. 443; Pittsburg v. McConnell, 130 Pa. 463; Erie v. Butler, 120 Pa. 374; Pepper v. Phila., 114 Pa. 96.

*John J. Bollinger,* with him *H. C. Brenneman* and *Walter B. Hays,* for appellee.—The entirety of a contract depends upon the intention of the parties and not on the divisibility of the subject: Shinn v. Bodine, 60 Pa. 182; Easton v. Jones, 193 Pa. 147.

The appellant willfully departed from the terms of the contract, which departure in itself is sufficient to defeat a recovery for any part of the price: Philadelphia v. Pemberton, 208 Pa. 214.

Inasmuch as this is a repaving case, in the absence of a specific agreement between the abutting property owners and the appellant, the appellant could not compel the payment of the costs of the improvement by the adjoining property owners, and even though a majority of the adjoining property owners were petitioners, the appellant, by reason of its failure to comply with the request of the petitioners, is not entitled to recover the cost of the improvement: Harrisburg v. Segelbaum, 151 Pa. 172: Boyer v. Reading, 151 Pa. 185.

OPINION BY PORTER, J., May 15, 1913:

The opinion of the learned judge of the court below, in disposing of the motion of the appellant for judgment non obstante veredicto, which will appear in the report of this case, so satisfactorily sustains the conclusion which he reached that extended discussion of the question presented by this appeal is not necessary. The improvement for which the city filed this claim against the property of the defendant involved the paving of only one square of a street. The middle of the street was occupied by a double-track street railway and the petition, the ordinance and the contract for the paving required that the part of the street between the outer tracks of the railway should be paved by the street railway company; thus leaving only a strip, between the railway tracks and the curb, on each side of the street, to be improved by the city and the cost assessed upon abutting property. The petition, which this defendant signed, authorized the city to do the work contemplated and assess the cost thereof upon abutting property "according to the foot-front rule," in so far as the signers of the petition were competent to confer that authority. The city by ordinance duly passed authorized the pavement of South George street from King street to Princess street, one square in length, as prayed for in the petition, said ordinance providing that the cost of the improvement should be assessed by the city engineer "at the completion of the improvement by apportioning the

entire cost, except intersections and the part to be paved by the York Railways Company, or its successors, on all the properties fronting on said highway in proportion to the number of feet each property fronts thereon." The city let a contract to the Filbert Paving & Construction Co., for the paving of the street "from King Street to Princess Street with sheet asphalt, . . . . excepting the intersections of highways now paved, and the part to be paved by the Street Passenger Railways Company." The work provided for by the contract, the cost of which the city attempts to assess upon abutting property, did not cover the part of the street included within the railway tracks.

The city having discovered, after the contract was let but before the work had proceeded far, that certain property owners who had not signed the petition had signified their intention to refuse to pay any part of the cost of the paving, upon the ground that it was a repaving, not properly assessable against abutting property, directed the contractor not to pave in front of the properties whose owners had not signed the petition. The contractor acquiesced in this arrangement, and the result was that the street was paved in spots, and not in the manner contemplated by the petition of the property owners and authorized by the ordinance under which the work was done. The part of the street immediately in front of the property of this defendant was paved, but no work whatever was done between the street car track and the curb on the other side of the street, directly opposite the property of the defendant. The city did no paving whatever, on either side of the street, for a distance of over fifty feet, near the center of the square, and within seventy-five feet of defendant's property. Let it be conceded that, because the defendant signed the petition for the improvement, he must be held estopped to assert that the street had formerly been paved and that his property was not liable for the cost of the repaving. This defendant is not seeking to escape liability upon the ground that this was a re-

paving of the street, he is only contending that he has the right to be treated as if the street never had been paved. What the defendant asked the city to do, when he signed the petition, was to pave the street for one square of its length, and consented that his property should be assessed according to the foot-front rule, if the street was so paved. When a property owner in a city of the third class petitions for the paving of a street, the cost to be assessed "by an equal assessment on said property in proportion to the number of feet the same fronts on the street," under the provisions of the Act of May 16, 1889, P. L. 228, he does not undertake merely to pay the exact cost of the paving in front of his own particular property, his agreement is to pay his proportionate share of the cost of the whole improvement: Scranton v. Koehler, 200 Pa. 126. This was not a case of substantial performance of the work contemplated by the ordinance and required by the contract. The work was not done in a defective manner, it was not done at all. The city abandoned the work, as to one-fourth the length of the street upon one side and one-fifth the length of the street upon the other side of the street car track, and this was not at one end of the square, but almost at the middle of the improvement, thus cutting it into two distinct parts. This was a willful departure from the terms of the ordinance and contract and must defeat a recovery for any part of the price: Philadelphia v. Pemberton, 208 Pa. 214. The city having failed to pave the street in the manner contemplated by the ordinance, and having paved it only at intervals, this led the engineer to make the assessment in a manner which he was not authorized to do. The assessment was not made upon the properties abutting on George street, between King street and Princess street, as contemplated by the petition, the ordinance and the statute which authorized the assessment, "by an equal assessment on said property in proportion to the number of feet the same fronts on the street." The engineer, no doubt recognizing the fact that he could not assess the property in front of which the city

had not paved, proceeded to distribute the cost of the work done by assessing it against the property of those who had signed the petition. This was beyond his jurisdiction.

The judgment is affirmed.