[S. F. No. 2370.    Department One.—December 31, 1902.]

## GEORGE W. PECKHAM, Appellant, v. CITY OF WATSONVILLE et al., Respondents.

MUNICIPAL CORPORATIONS—CONTRACT FOR SEWER—SUIT BY TAXPAYER TO ANNUL.—A municipal corporation, in the construction of its sewers and in the letting of contracts therefor, may follow the procedure authorized by the act of March 19, 1889, and is not limited to the procedure prescribed by the General Street Improvement Act, and a complaint by a taxpayer to annul a contract for a sewer which merely alleges non-compliance with the requirements of the General Street Improvement Act, does not state a cause of action.

ID.—PLEADING FRAUD IN LETTING CONTRACT.—A general allegation in such complaint that the board of trustees awarded the contract "corruptly and fraudulently," without specifying any facts con-

stituting the fraud, is to be disregarded. Neither does the fact that
the contract was not awarded to the lowest bidder of itself indicate
fraud, in view of the provisions of the act of 1889.

APPEAL from a judgment of the Superior Court of Santa
Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

William B. Hardy, for Appellant.

David F. Maher, J. C. Bates, and Lee & Wycoff, for Re-
spondents.

HARRISON, J.—The city of Watsonville entered into a
contract with the firm of Williams, Belser & Co., by which
the latter agreed to construct a sewer system for the city
for the sum of $12,379. The plaintiff brought the present
action on behalf of himself and other taxpayers of the city
to have the contract declared null and void. In his complaint
he alleges that the board of trustees of the city did not pass
any resolution of intention to construct the sewers, describ-
ing the work, and did not pass any resolution or ordinance
ordering their construction, and failed to comply with many
other steps prescribed by the General Street Improvement
Act for creating a lien upon property for the cost of the im-
provement. He also alleges that the board did not before
awarding the contract order that any part of the cost should
be paid out of the city treasury, and did not determine that
the cost should not be assessed upon the abutting property
or upon a district. He also alleges that the firm to which the
contract was awarded was not the lowest responsible bidder,
and that the board in awarding said contract "corruptly
and fraudulently conspired to squander and misappropriate
the public funds of said city."

The appellant is in error in his contention that the method
of procedure prescribed by the General Street Improvement
Act for the construction of a sewer in a municipality is ex-
clusive. By the act of March 19, 1889, (Stats. 1889, p. 399,)
authority is given to any municipal corporation to issue bonds
for the construction of sewers, and section 10 of that act
provides the method to be observed in letting contracts there-
for. (See *Redondo Beach* v. *Cate*, 136 Cal. 146.) As the com-

plaint does not allege that the board of trustees did not follow the method of procedure here indicated, it fails to show that the contract was unauthorized.

The allegation of fraud on the part of the board of trustees does not set forth any facts constituting the fraud, and is to be disregarded. The fact that the contract was not awarded to the lowest bidder does not of itself indicate fraud. By the act of 1889 the board was authorized to reject any bid, and there may have been a sufficient showing before it that none of the other bidders than the one to whom the contract was awarded was a responsible bidder.

The judgment is affirmed.

Van Dyke, J.. and Garoutte, J., concurred.