[Civ. No. 12308. Second Appellate District, Division Two.—December 21, 1939.]

ELIZABETH M. BAERTSCHIGER, Respondent, v. NELLIE LEFFLER et al., Appellants.

Claude A. Shutt for Appellants.

August J. O'Connor and George J. Hider, as *Amici Curiae*, on Behalf of Appellants.

H. S. Farrell for Respondent.

McCOMB, J.—This is an appeal from a judgment ordering the issuance of a writ of mandate to respondents requiring them to hold a special election to determine whether the members of the City Council and the City Clerk of the City of El Monte should be recalled.

The petition for writ of mandate alleged as follows:

"I.

"That at all times herein mentioned the City of El Monte was and now is a municipal corporation of the Sixth Class, organized and existing under and by virtue of the laws of the State of California.

"II.

"That your petitioner now is, and at all times herein men-

tioned has been, over the age of twenty-one years, a citizen of the United States, a resident of the City of El Monte, California, and a duly registered and qualified voter and elector of said City of El Monte, California.

"III.

"That T. O. Graham, C. L. Dickinson, Emil Von Imschoot and Fred R. King are, and at all times herein mentioned have been, the duly elected, qualified and acting members of the City Council of said City, and said Nellie Leffler, T. O. Graham and C. L. Dickinson have been such members of said City Council for a period of more than six months prior to the 27th day of October, 1938.

"IV.

"That Mrs. Elizabeth M. Baertschiger, Keith F. Cordrey, George W. Garwood, Samuel H. Upton, Mrs. Ida B. Horrell and F. O. Brugere now are, and at all times herein mentioned have been, qualified electors and voters of said City and reside therein.

"V.

"That on the 27th day of October, 1938, at and in the City of El Monte, California, said Elizabeth M. Baertschiger, Keith F. Cordrey, George W. Garwood, Samuel H. Upton, Mrs. Ida B. Horrell and F. O. Brugere executed and filed a notice of intention to circulate a petition for the recall of Beatrice E. Darling, City Clerk of said City, who had been the duly elected, qualified and acting City Clerk of said City for a period of more than six months prior thereto, and for the recall of said Nellie Leffler, T. O. Graham and C. L. Dickinson, as members of said City Council.

"VI.

"That at the same time and place said Mrs. Elizabeth M. Baertschiger, Keith F. Cordrey, George W. Garwood, Samuel H. Upton, Mrs. Ida B. Morrell and F. O. Brugere caused a copy of said notices of intention to recall to be published in the El Monte Herald, a newspaper of general circulation, printed, published and circulated in said City of El Monte.

"VII.

"That on the 28th day of October, 1938, copies of said notices of intention to recall were sent to said Beatrice E. Darling, Nellie Leffler, T. O. Graham and C. L. Dickinson

by registered mail, and affidavits of such mailing were forthwith filed with the Clerk of said City of El Monte.

"VIII.

"That thereafter and within the time required by law, said Beatrice E. Darling, Nellie Leffler, T. O. Graham and C. L. Dickinson prepared and filed an answer to the proposed recall petitions.

"IX.

"That thereafter and within the time provided by law, petitions for the recall of said Beatrice E. Darling, as such City Clerk, Nellie Leffler, T. O. Graham and C. L. Dickinson, as members of said City Council, were circulated in said City of El Monte by qualified electors of said City, and said petitions and each of them were each signed by qualified electors of said City in the manner and form provided by law, equal in number to more than twenty-five (25%) per cent of the entire number of votes cast for all candidates for the offices of said officers at the last preceding regular municipal election at which said offices were filled by election.

"X.

"That thereafter, to-wit: on the 22nd day of December, 1938, said petition for the recall of said Beatrice E. Darling, as such City Clerk of said City, and petitions for the recall of said Nellie Leffler, T. O. Graham and C. L. Dickinson, as members of the City Council of said City were filed with the City Clerk of said City of El Monte by the proponents of said recall.

"XI.

"That thereafter said Beatrice E. Darling and her deputy, Essie Weaver, failed and refused to attach to said petitions their certificates showing the result of their examination of said petitions, and a writ of mandate was issued out of this Court in Case No. 436208 directing the same to be done.

"XII.

"That a return of said City Clerk and her deputy was made to this court in the above case wherein it was stated that said petitions would be filed with said City Clerk on March 13, 1939.

"XIII.

"That on the 10th day of April, 1939, said City Clerk certified to said City Council that each and all of said peti-

tions contained the required number of signatures of qualified electors of said City.

## "XIV.

"That said City Council has ever since said 10th day of April, 1939, and now does, wrongfully and arbitrarily fail, refuse and neglect to cause a special election to be held in said City to determine whether the voters will recall such officers.

## "XV.

"That said petitioner has no plain, speedy or adequate remedy at law."

A general demurrer was interposed to the foregoing petition, which was overruled, and a judgment entered ordering that a peremptory writ of mandate issue as prayed.

These are the questions to be determined:

■ *First: Does the petition for a writ of mandate state facts sufficient to constitute a cause of action?*

*Second: Is the Municipal Elective Officers Recall Law (Stats. 1931, p. 563; amended by Stats. 1933, p. 2117), Act 5620a, Deering's General Laws (1937), p. 2631, violative of any provision or provisions of the Constitution of the State of California?*

The first question must be answered in the affirmative. From a reading of the petition it is evident that the essential facts required by the Municipal Elective Officers Recall Law are alleged in the petition; and the other objections to the pleading, such as, that in paragraph 6 thereof there is no specific allegation that the publication of the notice of intention to recall was accompanied by a printed statement not exceeding 500 words in length stating the reasons for the proposed recall, are not properly before this court for consideration. There was only a general demurrer filed to the petition, which does not reach (1) mere defects in allegations in matters of form, or (2) defects that the essential facts appear only inferentially, as conclusions of law, or by way of recital.

■ The second question must be answered in the negative for the following reasons:

(1) The Municipal Elective Officers Recall Law does not violate article I, section 11, of the Constitution of the State of California, requiring that all laws of a general nature

shall have a uniform operation, because the act has a uniform operation upon all of those who fall within its purview.

■ (2) It does not violate article IV, section 24, of the Constitution, requiring that each act shall embrace but one subject, which subject shall be expressed in its title. The purpose of the act in question is to provide a method for the removal and recall of elective officers in incorporated cities and towns. The title of the act reads: "An act to provide for the recall of elective officers of incorporated cities and towns." Clearly, a mere reading of the title of the act shows that it embraces but one subject, and that the subject is clearly expressed in the title to the act.

■ (3) It is not violative of article IV, section 25, subdivision 11, of the state Constitution, providing that the legislature shall not pass local or special laws for conducting elections or designating the places of voting, except on the organization of new counties, because the Municipal Elective Officers Recall Law is not a special law but rather is a general law, uniformly applying to all who fall within its purview, to wit, the holders of elective offices of any incorporated city or town. It needs no citation of authorities to demonstrate that such a classification is a natural and reasonable one.

■ (4) It is not violative of article IV, section 25, subdivision 33, of the Constitution, prohibiting the legislature from passing a special law where a general law can be made applicable. Since the Municipal Elective Officers Recall Law is a general and not a special law, it does not fall within the purview of the section of the Constitution just mentioned.

The balance of appellants' objections are criticisms of the policy, wisdom, and technique for recalling elective officers provided for in the act. These are matters with which the courts have no concern, such arguments being proper ones to address to the legislature for its determination.

For the foregoing reasons the judgment appealed from is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1940.