[Civ. No. 6662.    Fourth Dist.    Nov. 29, 1961.]

THOMAS A. BAROLDI et al., Plaintiffs and Appellants, v. JOB J. DENNI et al., Defendants and Respondents; PETER GORZEMAN, Intervener and Respondent.

Musick, Peeler & Garrett, Gerald G. Kelly, Bruce A. Bevan, Jr., and Richard T. Apel for Plaintiffs and Appellants.

William Camil for Defendants and Respondents.

Franklin T. Hamilton and Gray, Binkley & Pfaelzer for Intervener and Respondent.

SHEPARD, J.—This is an appeal by plaintiffs from a judgment and minute order which dissolved a temporary restraining order, denied a preliminary injunction and ordered the issuance of a writ of mandate.

## FACTS

By their complaint, filed November 14, 1960, plaintiffs allege: that they are Councilmen, taxpayers and qualified electors of the defendant City of Cypress; that defendants are the Councilmen, City Clerk and City of Cypress; that on August 22, 1960, proceedings were commenced for recall of

plaintiffs as city councilmen by notice of intention to circulate petition for recall; that the petitions were presented to the city clerk and are to be filed with the council November 14, 1960; that on February 29, 1960, petitions for recall of plaintiffs were filed with said city council; that a substantial number of the signatures on the petition of August 22, 1960 were obtained by fraud and misrepresentation; that because of said fraud and because such proceeding was commenced within six months of the date of last recall proceeding, the petition is void; that unless restrained by court order said council will call a recall election. They pray for a preventative injunction.

On November 16, 1960, an order to show cause why a temporary injunction should not be granted was made and a temporary restraining order was issued forbidding the calling of the election and the matter was set for hearing on November 18, 1960.

On November 17, 1960, permission was granted to Peter Gorzeman to intervene. By the complaint in intervention, intervener alleges, *inter alia,* that he is a qualified voter of city and a signer of the recall petition. He denies plaintiffs' allegations of fraud. He denies plaintiffs' allegations of insufficiency of the recall petition and denies that previous petitions for recall of plaintiffs were filed on February 29, 1960. By what is termed a second cause of action intervener alleges, *inter alia,* that the earlier petitions for recall were filed February 10, 1960, as to McCarney and February 18, 1960, as to Baroldi. By a third cause of action he sets forth in detail the regularity of the steps taken for presentation of the recall petition, failure of the clerk to file the petitions with the council November 14, 1960, adjournment of the council meeting to December 14, 1960, capricious abuse of discretion in council in failing to call election, and lack of remedy at law. By a fourth cause of action intervener again alleges capricious conduct in the clerk's action in rejecting and failing to count a substantial number of the signatures to the petition. Intervener prays that plaintiffs take nothing; that a peremptory writ of mandate be issued commanding the city clerk to submit the petitions to the council with appropriate certificates; commanding the council to immediately hold a special meeting and at said meeting to call a special election for said recall. Alternatively, intervener prays mandate to compel the city clerk to reexamine and count all signatures theretofore unlawfully rejected, certify and file the petitions and further commanding the council to call said special recall election.

By answer to the complaint for injunction, the defendants admit that the recall petitions were submitted to the city clerk September 26, 1960; checking was completed October 11, 1960; that the city clerk has determined that the petitions contain valid signatures of more than 25 per cent of the registered voters of city and pray for court instruction.

By answer to the complaint in intervention, defendants allege the date of the city clerk's certificate should be October 11, 1960, and not October 12; that the date of publication was September 1, 1960, and posting was September 2, 1960; that the petitions were signed by 201 qualified voters as to Baroldi and not 241, and by 190 qualified voters as to McCarney and not 238; deny improper rejection of signatures; admit failure to call the election but allege this was by reason of the original court order granting temporary restraining order. They pray the court's guidance.

Plaintiffs answered the complaint in intervention and admitted the dates of filing of the earlier recall petitions were February 10, 1960, and February 18, 1960, as alleged; they admitted the service on them on August 22, 1960, of notice of intention to circulate petitions for recall; publication September 1, 1960, and posting on September 2, 1960; the filing of the petitions on September 26, 1960, the ascertainment and certificate by the city clerk that 201 registered qualified voters had signed the petition as to recall of Baroldi and 190 as to McCarney and that each of said petitions had been signed by not less than 25 per cent of the voters of the city on the day of the filing of the petition with the city clerk. They denied all other allegations of intervener's complaint.

On December 2, 1960, both the order to show cause on plaintiffs' complaint and the order to show cause on the intervener's complaint were heard at the same time with all parties represented by counsel. The record does not show that anyone attempted to introduce any evidence. The cause was argued and submitted. The court ordered the original restraining order dissolved and the injunction denied. It found that all of the proceedings up to and including the certificate of the city clerk certifying to the sufficiency of the petitions have been regularly taken. It ordered that the city clerk file his said certificate with the next regular or adjourned regular meeting of the council; that the defendant councilmen shall at said meeting call, order and provide for the holding of a special election at the time and in the manner provided by

law to determine whether said Councilmen Baroldi and Mc-Carney shall be recalled from the offices of Councilmen and members of the City Council of the City of Cypress. The court also provided for the canvass of the vote as provided by law and due return to show execution of writ. Plaintiffs appeal. After the taking of the appeal plaintiffs moved for a new trial, which motion, this court has been advised, was denied.

## THE JUDGMENT

█ The plaintiffs contend that the trial court erred in granting judgment at the hearing; that it should have made an order for amendment of the pleadings or should have taken evidence. With this we cannot agree. Plaintiffs nowhere contend that they ever asked to be permitted to amend nor does the record indicate any such motion. They do not even now contend that they could truthfully allege anything different from the facts set forth by the pleadings. They do not contend that they were not fully advised of intervener's application for a writ of mandate. They were represented at the hearing by counsel. No objection was made to the hearing. They made no offer to produce evidence nor any request for a continuance for that purpose. In view of the allegations and admissions of the pleadings it is difficult to conceive what evidence could lawfully have been received to alter the result.

By section 27500 of the Elections Code, proceedings for recall are commenced by the service, filing and publication of a notice of intention to circulate a recall petition pursuant to section 27504. The service and filing of the petition with commencement date on August 22, 1960, publication on September 1 and posting on September 2 are admitted by the pleadings. The same section provides that no such proceeding shall be commenced within six months after "*a recall petition has been filed*" against such office holder. The pleadings admit that the dates of filing of the prior recall petition were February 10, 1960, and February 18, 1960. It is clear that more than six months expired from the date of filing of the earlier petitions and commencement of the present proceedings on August 22, 1960.

It is admitted that the petitions in the case at bar were filed with the city clerk. Each of them was signed by more than 25 per cent of the voters of the city on the day the petitions were filed with the city clerk. Each was in sections and each had the required affidavit attached to it. There is no contrary contention. It is admitted that the city clerk examined the

petitions and certified that each was signed by not less than 25 per cent of the registered qualified voters of the city.

## DUTY OF OFFICERS

When this point had been reached it became the ministerial duty of the city clerk to file the petitions with his certificate with the city council without delay. Upon the filing thereof, it became the ministerial duty of the city council to order at once a special election for a date not less than 60 nor more than 75 days from the date of the order to determine the question of recall. (Elec. Code, § 27513; *Baertschiger* v. *Leffler,* 36 Cal.App.2d 208, 212 [1] [97 P.2d 501]; *Ratto* v. *Board of Trustees,* 75 Cal.App. 724, 726, 727 [1-5] [243 P. 466]; *Williams* v. *Gill,* 65 Cal.App. 129, 132 [1] [223 P. 559]; *Jenkins* v. *Knight,* 46 Cal.2d 220, 224 [9] [293 P.2d 6]; *Truman* v. *Royer,* 189 Cal.App.2d 240, 243 [1] [11 Cal.Rptr. 159].)

## FINDINGS UNNECESSARY

In the case here at bar the pleadings, without conflict, establish all of the necessary facts to place upon the city clerk the duty to file the petitions with council and the duty of the council to call an election. No evidence was offered or presented. The hearing was thus reduced to a decision on questions of law. No findings were necessary. (3 Witkin, California Procedure, p. 2559; *Tilden* v. *Blood,* 14 Cal.App. 2d 407, 413 [4] [58 P.2d 381]; *Koehn* v. *State Board of Equalization,* 166 Cal.App.2d 109, 115 [5b] [333 P.2d 125].)

## FRAUD ALLEGATION INSUFFICIENT

In plaintiffs' complaint it is alleged that a substantial number of signatures on each petition were obtained by fraud through representing to the prospective signatory that the petitions were for purposes other than recall. They do not allege that any specific number of signatures were so obtained, nor the total number of "good" signatures remaining, nor the total number of registered qualified voters of the City of Cypress as of the day the petitions were filed or any other day. This is not enough. No facts are specified from which it could be ascertained just what was represented to whom or how many, nor could it be ascertained therefrom that the "good" signatures would be insufficient in number to constitute 25 per cent of the registered electors. An allegation of fraud must show the ultimate facts which amount to fraud or it is insufficient. (*Lavine* v. *Jessup,* 161 Cal.App.2d

59, 69 [12] [326 P.2d 238]; *Richardson* v. *City of Redondo Beach,* 132 Cal.App. 426, 433 [5] [22 P.2d 1073]; *Peckham* v. *City of Watsonville,* 138 Cal. 242, 244 [2] [71 P. 169]; *Scafidi* v. *Western Loan & Bldg. Co.,* 72 Cal.App.2d 550, 553 [1] [165 P.2d 260]. Furthermore, in their answers to intervener's complaint plaintiffs did not deny that the petitions contained the signatures of the 25 per cent of the registered qualified voters required by statute. This is true of both their answers as plaintiffs and their answers as city councilmen.

In any event, the legislature has provided sufficiently severe penalties for fraud in obtaining signatures. (Elec. Code, §§ 29214, 29215.) If signatures may be nullified by allegations of fraudulent representations, after the petition has been filed, it would render nugatory the whole system by which the electorate is given an opportunity to oust promptly a public officer the electorate believes to be unworthy of its trust. (*Uhl* v. *Collins,* 217 Cal. 1, 4 [2] [17 P.2d 99, 85 A.L.R. 1370]; *Knowlton* v. *Hezmalhalch,* 32 Cal.App.2d 419, 428 [1] [89 P.2d 1109].)

### Allowing Intervention Was Proper

Intervener was a signatory to the petition for recall. He was an elector interested in the success of the very petition whose effective operation was sought to be annulled. "The purposes of intervention are to protect the interests of those who may be affected by the judgment . . . and to obviate delay and the multiplicity of actions. . . ." (*County of San Bernardino* v. *Harsh California Corp.,* 52 Cal.2d 341, 346 [2] [340 P.2d 617].) The court's action was not only proper; it was imperative that the election processes be carried out promptly. Only by allowing intervention could the whole matter be promptly disposed of.

The order granting the writ of mandamus was correct. Being correct, it resolved and rendered moot any other questions.

The judgment and order are affirmed.

Griffin, P. J., and Coughlin, J., concurred.