ASHBURN, J.
This action in quo warranto, brought by the People on relation of Pierpont M. Hamilton, seeks to have declared void Ordinance No. 2765 of the City of Santa Barbara which approves annexation of an inhabited strip of land commonly known as the Monteeito strip. Defendant city’s general demurrer was sustained without any mention of leave to amend; this implied ten days leave so to do under rule 202(e) of Judicial Council Rules for the Superior Courts; no amendment having been filed, the court entered judgment for defendant on March 16, 1961, and plaintiff has appealed.
Appellant attacks the proceeding as one attempted under the Annexation Act of 1913 (now incorporated in Gov. Code, tit. 4, diy. 2, eh. 1; § 35000 et seq.). Section 35104 says: ‘ ‘ To qualify for annexation, new territory shall be contiguous to: (a) The city, or (b) Contiguous territory where the electors have voted for annexation to the city.” It is claimed that this annexation violates section 35002.5 which, adopted in 1951, reads: ‘‘ Territory shall not be deemed contiguous as the word ‘contiguous’ is used in this chapter if the only contiguity is based on a strip of land over 300 feet long and less than 200 feet wide, such width to be exclusive of highways.”[1]
The amended complaint alleges the adoption of said ordinance No. 2765 on April 12, 1960; an attached copy recites the holding of a valid election and the afBrmative vote of a majority of electors voting at a special election; the complaint avers the filing of a copy of the ordinance with the Secretary of State and counsel agree that this occurred on May 12, 1960.
Paragraph II alleges: “That the area proposed to be an *503 nexed includes a strip of land which is more than three hundred feet (300') long and less than two hundred feet (200') wide exclusive of streets, highways and roads.” It is to be noted that nothing is said in this paragraph or elsewhere in the complaint about the “only contiguity” or to the effect that this narrow strip fits that phrase of the statute.
Paragraph III: “That said strip of land commences at a point approximately 1,010 feet from the former easterly boundary of the defendant City of Santa Barbara and from that point for a distance of more than three hundred feet (300') toward the east. The area proposed to be annexed is less than two hundred feet (200') wide exclusive of streets, highways and roads, all as shown on the map which is attached hereto marked ‘Exhibit B’ and made a part hereof.”
Paragraph V avers that the area sought to be annexed “is not contiguous to the present boundaries of the City of Santa Barbara within the meaning of Section 35002.5 of the Government Code of the State of California.”
Counsel agree that the Montecito strip has a common boundary with the city at the western end of the strip exceeding 2,000 feet and the map attached to the complaint indirectly so indicates; that boundary affords the “only contiguity.” Extending thence to the east the strip narrows at a point some 1,010 feet from the common boundary to a width of less than 200 feet exclusive of streets, highways and roads for a distance of a little more than 300 feet; then it widens again to an unknown width and thus continues to its easterly end which is some 3,950 feet east of the common boundary with the City of Santa Barbara.
The Attorney General in granting leave to Hamilton to sue as relator wrote an opinion (36 Ops. Cal. Atty. Gen. 287) which indulges in various hypotheses as to probable intent of the Legislature in its wording of section 35002.5, which hypotheses are founded mainly upon a passage in 37 American Jurisprudence section 27, page 645, which in turn is general in its nature and does not fit the language of our statute. The Attorney General concludes, at page 292: “This is the type of problem which should be presented to the courts for due consideration. In any event we believe that a substantial question concerning the validity of this annexation has been raised and therefore leave to sue will be granted.” This opinion furnishes little light here for it gives no weight to certain cardinal rules of statutory interpretation.
*504 In the recent ease of Keene v. Keene, 57 Cal.2d 657, 663 [21 Cal.Rptr. 593, 371 P.2d 329], Mr. Justice Schauer put the basic rule in this simple language: “When a word is used which has a well-established meaning in common parlance —such as ‘funds’—the necessities of intelligible communication require that it be assumed that the user intended that common meaning.” There is nothing technical or ambiguous about the phrase “only contiguity”; it should be given its ordinary meaning which manifestly is only place of touching. Not only are nontechnical words to be given their commonplace meaning, but that meaning must be gathered from the statute.
In Anderson v. I. M. Jameson Corp., 7 Cal.2d 60, 67 [59 P.2d 962], it was said: “Furthermore, even though the legislature may have thought that the term ‘presumption’ would include the term ‘inference’, that was not so, and the statute as actually enacted did not contain the latter term. It may not be inserted therein under the guise of interpretation. In a late case this court said: ‘It is probably safe to assume that the legislature had in mind ... (a certain proviso) . . . but the difficulty is that they have not expressed this intent in the language used. This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed. This court is limited to interpreting the statute, and such interpretation must be based on the language used. By the express provisions of section 1858 of the Code of Civil Procedure, ‘ ‘ In the construction of a statute ... the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted . . . .” It is elementary that there can be no intent in a statute not expressed in its words; that the intention of the Legislature must be determined from the language of the statute. (Citing eases.) ... “It is a cardinal rule in the construction of statutes that the intent of the legislator should be followed, but this is subject to the imperative and paramount rule that the court cannot depart from the meaning of language which is free from ambiguity, although the consequence would be to defeat the object of the act.” ’ ” Smith v. Union Oil Co., 166 Cal. 217, 224 [135 P. 966]: “Possibly the Congress had a different intent, but if so it does not appear from its language. Where the words of a statute are not ambiguous and their effect is not absurd, the *505 court cannot give it other than its plain meaning, although it may appear probable that a different object was in the mind of the legislature. (Eureka v. Diaz, 89 Cal. 469 [26 P. 961].)” See also Stockton Sav. & Loan Bank v. Massante, 18 Cal.2d 200, 207 [114 P.2d 592]; Caminetti v. Pacific Mutual L. Ins. Co., 22 Cal.2d 344, 353 [139 P.2d 908],
The test prescribed by the statute (Gov. Code, § 35002.5) is whether “the only contiguity is based on a strip of land over 300 feet long and less than 200 feet wide, such width to be exclusive of highways.” The word “only” was placed in the statute with a purpose, which could be nothing other than emphasis upon the thought that a 300 by less than 200 foot strip must be the immediate nexus to the city boundary in order to preclude annexation. That means that the common boundary between the city and the annexed territory must be less than 200 feet in extent. The Monteeito Strip is not 300 by 200 feet in dimensions, only one segment near the middle of it answers that description. The common boundary between the city and the strip is approximately 2,000 feet and that is the only point of contiguity.
People v. City of Palm Springs, 51 Cal.2d 38, 45 [331 P.2d 4], contains the following pertinent observations: “A mere citation of the many cases stating that the wisdom or expediency of particular annexations is not a judicial question [citations] ; that the courts can go no further than to see that the existing law is observed [citations] ; and that, subject only to express statutory limitations, the permissible shape, character or extent of the territory annexed is a political question [citations], is sufficient to show that plaintiff’s position has no support in the law of this state.
“Moreover, the Legislature, not unmindful of the peculiar annexations attempted by some cities (e.g., City of Burlingame v. County of San Mateo, supra, 90 Cal.App.2d 705 [a horseshoe shaped territory 100 feet wide, 14,950 feet long, and enclosing 730 acres of unincorporated territory]), has made no attempt to state a general rule governing the shape, character or extent of territory that may be annexed; rather, its efforts have been confined to curbing particular abuses of the annexation acts. (See, e.g., Gov. Code, §§ 35002.5, 35326.) By this treatment of the problem, the Legislature has manifested an intent that the courts should continue to treat these questions as political in nature, and that an annexation should *506 not be declared invalid unless some express statutory provision has been violated.”
Rakow v. Swain, 178 Cal.App.2d 895, 901 [3 Cal.Rptr. 404] :
“Criticisms of policy, wisdom or technique inherent in any legislative enactment ‘are matters with which the courts have no concern, such arguments being proper ones to address to the legislature for its determination.’ (Baertsehiger v. Leffler, 36 Cal.App.2d 208, 213 [97 P.2d 501].)”
The instant case is governed by Rafferty v. City of Covina, 133 Cal.App.2d 745 [285 P.2d 94], decided by this division of this court, hearing denied by the Supreme Court. The area there sought to be annexed adjoined a strip which previously had been annexed to the west boundary of the City of Covina, and which had a width of 33 feet except at its westerly end (the portion farthest from Covina) where it was some 230 feet in width. The area involved in the Raffertj’’ case adjoined on the south and last mentioned 33-foot strip for a distance of over 2,000 feet. It was held that the annexation of the 33-foot strip was no longer open to question and it had become an integral part of the city. The parcel involved in Rafferty was thus attached to the city by the previously annexed 33-foot strip for a distance considerably over 300 feet. That opinion says, at page 752, after quoting sections 35302 and 35002.5, Government Code-. “An examination of these sections discloses that they are dealing with the territory proposed to be annexed rather than with the physical shape and dimensions of the part of the city to which such territory would be attached. Section 35002.5, supra, provides in effect only that if contiguity to the city is based on a strip of land over 300 feet long and less than 200 feet wide it shall not be deemed contiguous within the meaning of the statute. It does not provide that territory may not be annexed to a portion of the city which is over 300 feet long and less than 200 feet wide. . . . The description in the statute of the physical shape and dimensions on which a nexus with the city may not be based applies solely to the contiguous strip of territory whose annexation is being undertaken and not to the portion of the city to which it is juxtaposed.
“Before the adoption of section 35002.5 any contiguity to the city of the area to be annexed was sufficient. By the amendment the Legislature has stated what is not contiguity. It has not stated what is contiguity, except by the statement of what is deemed not to be contiguity. Therefore, in order *507 to determine what is contiguity the same test is applied as was applied prior to the adoption of that section, except it must be tested further to determine whether it falls within the prohibition. Contiguity exists where boundary lines are coterminous. (City of Burlingame v. County of San Mateo, supra.) Here the common boundary lines of the area to be annexed (WAD 18) and the city of Covina are continuously coterminous for an aggregate length of over 2,000 feet. Furthermore, such territory does not fall within the prohibition of section 35002.5 for the contiguity of WAD 18 to the city is not based on a strip of land over 300 feet in length and less than 200 feet wide, but is in fact based on coterminous boundary lines. The trial court was therefore in error in holding that WAD 18 is not contiguous to the city of Covina. ’ ’ At page 755; “Since, therefore, the boundary line of WAD 18 is coterminous with that of the city for more than 2,000 feet the requirement of contiguity is fully satisfied.”
The trial judge correctly concluded that there was no violation of section 35002.5 involved in the Montecito strip annexation and that same is valid.
Judgment affirmed.
Fox, P. J., concurred.

In 1955 a second paragraph was added, reading as follows: “Territory shall be deemed contiguous as the word ' contiguous ’ is used in this chapter if the area thereof is separated by territory within the boundaries of another city or if such area is separated from the boundaries of an annexing city by territory within the boundaries of another city; provided, such separating territory became within the boundaries of the other city prior to January 1, 1925; and further provided, such separating territory is not in excess of 200 feet in width at all its separating points; and providing, that said separating territory within said separating point is uninhabited as defined in Section 35303 of the Government Code.” It relates only to uninhabited territory and throws no light upon the problem presented by this ease,..... '